CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RJhp

JUL 25 2011

JULIA C. DUDLEY, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JUDSON WITHAM, <br> Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:11-cv-00351 |
| v. | ) <br> ) <br> ) | **MEMORANDUM OPINION** |
| NEW RIVER VALLEY REGIONAL JAIL, <br> Defendant. | ) <br> ) <br> ) | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Plaintiff Judson Witham, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as the sole defendant the New River Valley Regional Jail ("Jail"). Plaintiff complains that Jail has an insufficient inmate law library. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, plaintiff fails to name a person subject to liability via §1983 because he names only the Jail as a defendant. See McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890 (E.D. Va. Apr. 13, 1992) (reasoning jails are not appropriate defendants to a § 1983 action). See also Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). Accordingly, plaintiff presently fails to

2

state a claim upon which relief may be granted, and I dismiss his complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff may refile his claims at the time of his choice.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 25th day of July, 2011.

/s/ Jackson L. Kiser
Senior United States District Judge